MELITA, The (HATTON v.). See Case No. 6,218.

MELLINGER v. FIRST NAT. BANK OF MT. PLEASANT. See Case No. 4,135.

## Case No. 9,401.

### In re MELLOR et al.

[10 Ben. 58; 17 N. B. R. 402; 26 Pittsb. Leg. J. 8.] [1]

District Court, N. D. New York. July, 1878.

BANKRUPTCY—STATE PROPERTY—SALE BY WARDEN OF STATE PRISON—PRIORITY.

S., who was the warden of Clinton prison, in the state of New York, sold to M. & Co. goods which were the property of the state. Thereafter M. & Co. being in bankruptcy, S. filed a proof of debt for the price of the goods, stating the debt to be due to him as agent and warden of Clinton state prison. A priority for the debt was claimed as due in fact to the state of New York: Held, that the debt was entitled to such priority.

[In the matter of Joseph Mellor and John Mellor, bankrupts.]

William A. Beach, for the State.
Martin A. Knapp, for assignee.

WALLACE, District Judge. This case involves the question whether a claim proved by James C. Shaw and stated in the proof of debt to be due to him as agent and warden of Clinton state prison, is entitled to priority in the distribution of the bankrupt's estate, as a debt due to the state of New York.

Disregarding for the present the form of the proof, and going behind that to the evidence produced upon the re-examination of the claim, I am of opinion that the debt is in fact a debt to the state of New York, and as such entitled to priority. It is a debt for merchandise sold to the bankrupts, which at the time of the sale was the property of the state. It was sold by the warden of Clinton prison as the agent of the state. I am aware of no reason why the state cannot maintain an action to recover the price of the merchandise upon the same rule which authorizes any other principal to sue upon the contract of an agent made in behalf of the principal. If the state can maintain an action, it can prove the claim against the estate of the bankrupts. Doubtless, the warden could maintain an action to recover the price of the goods, because where a public office is created by the state, an implied authority is conferred in the officer to bring all suits which the proper discharge of his official duty requires; but this is not inconsistent with the right of the state to adopt his contract and sue upon it.

My attention has been called to the case In re Corn Exchange Bank [Case No. 3,242], and to that in 11 Metc. [Mass.] 129, cited in

the former case. These cases are not applicable here. They were decided upon the assumption that, under the statutes regulating the rights and responsibilities of wardens of state prisons in Wisconsin and Massachusetts, the warden was in effect a contractor with the state, and chargeable as such with all moneys that came to his hands, and not responsible as an agent to his principal; and, therefore, when he had deposited the money in a bank which failed, it was his money and his loss, and the state had no priority in bankruptcy. Under the laws of this state no personal liability is imposed upon a warden of a prison for contracts made officially, and no action could be maintained against him by other parties to the contract, neither could an action be maintained against him officially or his successor in office. He has no control over the funds transmitted to him, except to apply them to the specific uses for which they are designated. So far as he is invested with any duty in regard to the moneys of the state, it is that of an agent, merely, to obey the directions of other officers of the state to whom in this behalf he is a subordinate.